1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   JOSE INIGUEZ,                          Case No.:  3:16-cv-2601-LAB-PCL
     CDCR #J-36853,
12                                          **ORDER:**
                                 Plaintiff,
13                                          **1)  GRANTING MOTION TO**
                    vs.                     **PROCEED IN FORMA PAUPERIS**
14                                          **[ECF No. 2]**
15
     PATRICIA NEWTON,
16                                          **AND**
                                 Defendant.
17
                                            **3)  DIRECTING U.S. MARSHAL TO**
18                                          **EFFECT SERVICE OF SUMMONS**
                                            **AND COMPLAINT PURSUANT**
19                                          **TO 28 U.S.C. § 1915(d) AND**
20                                          **Fed. R. Civ. P. 4(c)(3)**

21

22        JOSE INIGUEZ ("Plaintiff"), is proceeding pro se, is currently incarcerated at

23   Calipatria State Prison ("CAL") and has filed a civil rights Complaint pursuant to 42

24   U.S.C. § 1983 (ECF No. 1).

25        Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the

26   time of filing, but instead has filed a Motion to Proceed In Forma Pauperis ("IFP")

27   pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

28   ///

## I.      IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S.  __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2);

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

3:16-cv-2601-LAB-PCL

1   *Bruce*, 136 S. Ct. at 629.

2        In support of his IFP Motion, Plaintiff has submitted copies of his CDCR Inmate

3   Statement Report and a prison certificate authorized by a CAL official attesting to his

4   trust account activity. *See* ECF No. 2 at 4-7; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR

5   3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff has had no monthly

6   deposits to his account, has carried no balance over the six month period preceding the

7   filing of his Complaint, and that his current available balance is zero (ECF No. 2 at 4, 7).

8   *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited

9   from bringing a civil action or appealing a civil action or criminal judgment for the

10   reason that the prisoner has no assets and no means by which to pay the initial partial

11   filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C.

12   § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based

13   solely on a "failure to pay . . . due to the lack of funds available to him when payment is

14   ordered.").

15        Therefore, the Court grants Plaintiff's Motion to Proceed IFP, declines to "exact"

16   any initial filing fee because his trust account statement shows he "has no means to pay

17   it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of

18   Corrections and Rehabilitation ("CDCR") to collect the entire $350 balance of the filing

19   fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to

20   the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

21   **II.**    **Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

22        A.    <u>Standard of Review</u>

23        Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-

24   answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

25   statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of

26   it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants

27   who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

28   (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

1   2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that

2   the targets of frivolous or malicious suits need not bear the expense of responding.'"

3   *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford*

4   *Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

5       "The standard for determining whether a plaintiff has failed to state a claim upon

6   which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

7   Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

8   F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

9   Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

10  applied in the context of failure to state a claim under Federal Rule of Civil Procedure

11  12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

12  as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

13  662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

14      Detailed factual allegations are not required, but "[t]hreadbare recitals of the

15  elements of a cause of action, supported by mere conclusory statements, do not suffice."

16  *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for

17  relief [is] ... a context-specific task that requires the reviewing court to draw on its

18  judicial experience and common sense." *Id.* The "mere possibility of misconduct" or

19  "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

20  this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969

21  (9th Cir. 2009).

22      B.    Plaintiff's Allegations

23      Plaintiff claims Defendant Patricia Newton, his "primary care provider" at CAL,

24  denied him adequate medical care and retaliated against him for filing administrative

25  appeals related to his medical care. (ECF No. 1 at 2, 3.) Specifically, Plaintiff alleges to

26  have undergone several orthopedic surgeries to remove "bony tumors" in both feet.

27  Plaintiff claims the surgery to his right foot was successful, but the surgery to his left,

28  which took place on May 28, 2015, was not and left him in severe pain and "deformed."

4

1   (*Id.* at 3-4.) Plaintiff claims Newton told him to "man up" after the surgery, denied him

2   adequate pain medication, as well as a disability vest, and later confiscated his crutches.

3   (*Id.* at 4.) After Plaintiff appealed, he alleges to have again been interviewed by Newton

4   who was "very angry." Plaintiff claims Newton prescribed anti-depressants and

5   orthopedic shoes; but she refused pain medication and a cane, in contravention to

6   Plaintiff's surgeon's recommendations. (*Id.* at 3-5.)

7        Based on these allegations, the Court finds Plaintiff's Complaint sufficient to

8   survive the "low threshold" for proceeding past the sua sponte screening required by 28

9   U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th

10  Cir. 2012; *Iqbal*, 556 U.S. at 678; *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (prison

11  officials are liable if they act with deliberate indifferent to a prisoner's serious medical

12  needs); *id.* at 104 (deliberate indifference "is manifested by prison [officials] intentionally

13  denying or delaying access to medical care," or "intentionally interfering with the

14  treatment once prescribed" by a physician); *Rhodes v. Robinson*, 408 F.3d 559, 567-68

15  (9th Cir. 2005) (First Amendment retaliation claim requires prisoner to allege: "(1) ... a

16  state actor took some adverse action against [him] (2) because of (3) that prisoner's

17  protected conduct, and that such action (4) chilled the inmate's exercise of his First

18  Amendment rights, and (5) the action did not reasonably advance a legitimate

19  correctional goal.").

20       Therefore, the Court will order U.S. Marshal service on Plaintiff's behalf. *See* 28

21  U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform

22  all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be

23  made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to

24  proceed in forma pauperis under 28 U.S.C. § 1915.").

25  **III.   Conclusion and Order**

26       For the reasons explained, the Court:

27       1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)

28  (ECF No. 2);

3:16-cv-2601-LAB-PCL

2.    **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4.    **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant PATRICIA NEWTON. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve Defendant NEWTON. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where Defendant NEWTON may be found and/or subject to service*, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

5.    **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant NEWTON as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

6.    **ORDERS** Defendant NEWTON to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a

3:16-cv-2601-LAB-PCL

1  preliminary determination based on the face on the pleading alone that Plaintiff has a

2  "reasonable opportunity to prevail on the merits," defendant is required to respond); and

3       7.     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to

4  serve upon Defendant NEWTON, or, if appearance has been entered by counsel, upon

5  Defendant's counsel, a copy of every further pleading, motion, or other document

6  submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must

7  include with every original document he seeks to file with the Clerk of the Court, a

8  certificate stating the manner in which a true and correct copy of that document has been

9  was served on Defendant or her counsel, and the date of that service. *See* S.D. CAL.

10  CIVLR 5.2. Any document received by the Court which has not been properly filed with

11  the Clerk or which fails to include a Certificate of Service upon Defendant NEWTON, or

12  her counsel, may be disregarded.

13       **IT IS SO ORDERED**.

14

15  Dated: January 11, 2017

16                               HON. LARRY ALAN BURNS

17                               United States District Judge

18

19

20

21

22

23

24

25

26

27

28