UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE INIGUEZ,<br><br>          Plaintiff,<br>v.<br><br>PATRICIA NEWTON ,<br><br>          Defendant. | Case No.: 16cv2601-LAB (PCL)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

  Jose Iniguez, a prisoner in state custody, filed a complaint bringing claims under 42 U.S.C. § 1983. The matter was referred to Magistrate Judge Peter Lewis for a report and recommendation. Defendant Patricia Newton then moved to dismiss.

  On August 9, Judge Lewis issued his report and recommendation (the "R&R"), recommending that the motion to dismiss be granted, and ordering that any objections be filed by August 23, 2017. Since then, neither party has filed any objections nor sought additional time in which to do so.

  A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

1

This section does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), (emphasis in the original).

The statutory provision does not require that the district court conduct some lesser review when no objections are filed. *Thomas*, 474 U.S. at 149-50 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions under a *de novo* or any other standard when neither party objects to those findings").

Although the Court is not required to review the R&R, it has reviewed the R&R and finds it to be correct. First, the Court **ADOPTS** the R&R's unobjected-to factual findings. (See Docket 11 at 2:1–4:12.) And in addition to the R&R's analysis, the Court adds the following.

Iniguez has brought a claim against Newton for retaliation against him for filing an administrative appeal. The two alleged instances of retaliation are Dr. Newton's refusal to approve two of the four accommodations he requested, and her refusal to provide him with a second surgery. The R&R describes the first as "counterintuitive," (R&R at 9:27) which the Court construes to mean his claim is implausible. In other words, approving two accommodations and denying two others does not plausibly suggest an intent to retaliate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). Dr. Newton's refusal to refer Iniguez for a surgery he himself had twice refused also does not plausibly show retaliation. *See id.* Furthermore, both are consistent with legitimate penological interests, and Iniguez does not allege facts suggesting otherwise. *See Watison v. Carter*, 668 F.3d 1108, 1115 (9th Cir. 2012) (to state a First Amendment retaliation claim, a prisoner must allege, among other things, the absence of a legitimate penological reason for the alleged adverse actions).

///

Iniguez also brought an Eighth Amendment claim for deliberate indifference to serious medical needs. In addition to the other requirements noted in the R&R, an Eighth Amendment claim for deliberate indifference has a subjective component, *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994), which is missing here. Specifically, Iniguez can prevail only if Dr. Newton knew of and disregarded a substantial risk of harm to him: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [she] must also draw the inference." *Id*. at 837 (emphasis added). Here, the complaint shows that Dr. Newton thought Iniguez did not need all of the treatments and accommodations he was requesting. Others agreed, at least in part; the Appeals Coordinator's Office denied Iniguez's request for accommodations, and Dr. Wehrli did not recommend the mobility vest Iniguez claims he needed.

Furthermore, Dr. Newton did offer some treatment and accommodation: she referred him for both orthopedic shoes and medications to help control his pain. The fact that Dr. Newton and Dr. Wehrli disagreed in part does not give rise to an Eighth Amendment claim. The choice of what forms of treatment are indicated is "a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). A difference of opinion on such matters between a prisoner and a physician, or even between physicians, does not amount to deliberate indifference. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

The R&R is modified to include the reasoning set forth in this order. So modified, the R&R is **ADOPTED** and Dr. Newton's motion to dismiss is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: September 14, 2017

*Larry A. Burns*
Larry Alan Burns
United States District Judge